Argued February 6, affirmed March 1, 1967

MAYS, *Appellant, v.* HULING BUICK COMPANY ET AL, *Respondents.*

424 P. 2d 679

*Michael McClain,* Corvallis, argued the cause for appellant. With him on the briefs were Ringo, Walton & McClain, Corvallis.

*Richard Bryson,* Eugene, argued the cause for respondents. On the brief were Calkins & Bryson, Eugene.

Before PERRY, Chief Justice, and SLOAN and LUSK, Justices.

◼

SLOAN, J.

This is an action for an alleged "assault and battery." At the trial plaintiff presented evidence that she had purchased a car from defendant Huling Buick Company. Shortly after the purchase an employe of defendant Huling Buick, asked plaintiff to return to its place of business to correct a mistake in the contract of sale plaintiff had executed when she bought the car. Plaintiff did return. A disagreement resulted and plaintiff attempted to leave the premises in her newly purchased car. Defendant Wilson endeavored to stop her by reaching into the car, across her person, to get the keys to the car. In doing so, she alleged, Wilson struggled with her and injured her. The case was tried to a jury. A verdict was returned for defendant. Plaintiff appeals from the judgment on the verdict.

The only assignment of error is directed at an instruction given by the court in which the court endeavored to define an assault and battery.

◼ If there was anything wrong with the instruction it was in the attempt to mingle a definition of an assault and a battery in the same instruction. In legal parlance, at least, they are not the same. Prosser, Torts (1964, 3d ed) §§ 9 and 10; Restatement, Torts 2d, §§ 13 and 21.

◼◼ For the same reason, plaintiff's exception to the instruction was at fault. It did not tell the court what was wrong with the instruction. Instead, the exception mingled some of the words used to define an

assault with some of the words used to define a battery into a confused statement of plaintiff's theory of assault and battery. The exception "[does] no more than to say that counsel disagrees with the trial court about the law. But it is incumbent on counsel in excepting to an instruction to inform the court *why* he thinks the instruction is wrong." *Hamilton v. Union Oil Company et al,* 1959, 216 Or 354, 367, 339 P2d 440. The exception taken does not present a reviewable question.

■ Furthermore, it is more than doubtful that any confusion in the legal jargon found in the instructions would have misled the people on the jury. "The simplest area of tort law is that on the intentional infliction of physical harm. As more than one law teacher has observed, everyone can understand a punch in the nose."[1] There is no reason to believe that jurors have any more difficulty than teachers or students in understanding that some punches on the nose may be delivered with impunity and some may not.

Affirmed.

---

[1] Gregory and Kalven, Cases and Materials on Torts, 1959, p. 21.